UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01222-JAK (SK) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Jamar Oronde Moore v. H. Angela, Warden | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Cheryl Wynn | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In July 2019, Petitioner filed a petition under 28 U.S.C. § 2254, challenging his 2014 sentence of 30 years to life for lewd acts on a child. (Pet., ECF 1 at 5-6). Petitioner claims that his sentence violates state law and the Eighth Amendment's prohibition of cruel and unusual punishment. (*Id*. at 5-6). But this is Petitioner's second federal habeas petition attacking that sentence. (*See* CACD Case No. 5:16-cv-00915). On its face, therefore, it "plainly appears" that Petitioner "is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

First, the Petition is impermissibly second or successive. When a petition under § 2254 has been denied on the merits, any later petition attacking the same conviction and sentence is considered second or successive. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Before filing a second or successive petition in federal district court, Petitioner must first obtain authorization from the appropriate U.S. Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner presents no evidence—and the Court has found none—that he has obtained this authorization from the Ninth Circuit. Thus, this Court lacks jurisdiction to entertain the successive petition.

Second, even if Petitioner had obtained that authorization, the Petition is facially untimely by two years. Petitioner's direct appeal was denied in February 2016 (Cal. S. Ct. Case No. S231692), and his conviction became final 90 days later in May 2016. From that date, Petitioner had one year—by no later than May 2017—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available because Petitioner did not file his first state petition for collateral review until 2018. (Cal. Ct. App. Case No. E071534). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after expiration of federal statute of limitations does not restart new one-year limitations period). Nor does there appear any basis for equitable tolling or the delayed commencement of the limitations period under § 2254(d)(1). And Petitioner's prior federal petition did not toll the statute of limitations either. *See Duncan v. Walker*, 53 U.S. 167, 181-82 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01222-JAK (SK) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Jamar Oronde Moore v. H. Angela, Warden | | |

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **August 30, 2019** why the Court should not dismiss this action for lack of jurisdiction or untimeliness. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal." The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-09. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.